THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v.
RICHARD WILLIAMS, Respondent-Appellant.

Third District   No. 3—85—0732

Opinion filed August 29, 1986.

Sandra Kopels, of Guardianship & Advocacy Commission, of Tinley
Park, for appellant.

William Herzog, State's Attorney, of Kankakee (Howard R. Wertz, of
State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

For the third time, Richard Williams has appealed from an order
of the circuit court of Kankakee County, finding him to be subject to
involuntary admission and hospitalization in the Department of Mental Health for a period of 60 days. Although Williams has a long history of admissions and/or transfers to the Department of Mental
Health beginning in 1971, this appeal had its origin in an order entered on July 17, 1984, finding him subject to involuntary admission
for a 60-day period. Williams appealed from that order, and this court
ruled that the trial court had erred in refusing to provide Williams

with an examination by an independent expert appointed by the court and paid for by the State. Accordingly, we reversed and remanded for a new hearing. *In re Williams* (1985), 133 Ill. App. 3d 232, 478 N.E.2d 867.

Upon remand, the trial court appointed an independent psychiatrist, Dr. Yaniz, to conduct a psychiatric examination of Williams. The trial court denied Williams' request for a jury trial on the ground that he had not requested a jury for the first hearing and was not entitled to one on rehearing. When the cause was called for trial on October 17, 1985, the State advised the court that Williams had refused to cooperate with Dr. Yaniz and that the doctor had been unable to make a psychiatric evaluation. Dr. Yaniz had prepared a report of his conversation with Williams and of the information obtained from Williams' hospital chart and from talking to the hospital staff. The State made an oral motion to reinstate the finding from the first hearing because its evidence would be exactly the same as at that hearing. Williams' counsel objected, arguing that the appellate court had remanded for a new hearing and that Williams might have additional evidence. The court ruled that the finding at the first hearing would be reinstated. After finding that Williams was in need of mental treatment, the court ordered him hospitalized in the Department of Mental Health for a period not to exceed 60 days from July 17, 1984.

On appeal, Williams contends that the trial court erred in refusing to give him a new hearing as ordered by the appellate court and in refusing to give him a jury trial.

■ Looking first at the question of Williams' right to a trial by jury, this proceeding is civil in nature and is governed by section 2—1105 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1105), which provides that a party desiring a jury must file a jury demand; otherwise, the party waives a jury. Failure to demand a jury at the time provided by statute, amounts to a waiver for the entire proceeding. (*In re Soderholm* (1984), 127 Ill. App. 3d 871, 469 N.E.2d 410.) We hold that Williams did not have a right to a jury trial upon remand.

■ Turning next to the contention that Williams was entitled a full hearing upon remand, we conclude that Williams forfeited his right to a new hearing by refusing to submit to an examination by an independent psychiatrist appointed by the court. When this court reversed the first commitment order and remanded for a new hearing, the purpose of that order was to provide Williams with an opportunity to present the results of an independent psychiatric examination as a part of the evidence in the involuntary-admission proceeding. We

did not reverse for any other purpose. Without such new evidence, a rehearing would be meaningless. In the interest of conserving judicial time, we will not order a meaningless act. It now appears that Williams has taken advantage of his legal rights to abuse the appellate process, and it is time to bring *this* proceeding to a conclusion. Therefore, we affirm the judgment order entered in the circuit court of Kankakee County.

As we have indicated in another appeal involving Williams, the procedures for involuntary admissions under the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1985, ch. 91½, par. 1—100 *et seq.*) present a number of problems for the courts, not the least of which is the overlapping of commitment petitions. (*In re Williams* (1986), 140 Ill. App. 3d 708, 489 N.E.2d 347.) We again urge the legislature to review these procedures.

As previously indicated, we affirm the judgment of the circuit court.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.